IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SULLIVAN WILKERSON,             :

     Plaintiff,                :

vs.                          :     CIVIL ACTION 04-0787-CG-C

DEPARTMENT OF HUMAN      :
RESOURCES,

                            :
     Defendant.

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, who is proceeding <u>pro se</u>, filed a handwritten complaint commencing this

action and paid the $150.00 filing fee after being denied leave to proceed <u>in forma pauperis</u>

(Docs. 3 & 4).  This action has been referred to the undersigned for appropriate action

pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).  After review of the Court

file and the complaint, it is the undersigned's recommendation that this action be dismissed

with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii), as  Plaintiff's claim

is frivolous, fails to state a claim upon which relief can be granted, and because the claim

seeks monetary relief against a defendant who is immune from such relief.

I.      <u>Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)</u>[1].

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many
substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the
failure to state a claim analysis contained in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 104

Although Plaintiff has been denied in forma pauperis status, this Court is reviewing

Plaintiff's complaint, as it is apparent that it is frivolous and fails to state a claim upon

which relief may be granted.  See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)

(applying § 1915(e) to non-prisoner actions); see also McGore v. Wrigglesworth, 114 F.3d

601, 608-9 (6th Cir. 1997) ("Even if a non-prisoner pays the filing fee and/or is represented

by counsel, the complaint must be screened under § 1915(e)(2)...Section 1915(e)(2)

provides us with the ability to screen these, as well as prisoner cases that satisfy the

requirements of this section...The complaint must be dismissed if it falls within the

requirements of § 1915(e)(2) when filed.").  Further, a claim may be reviewed pursuant to §

1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been

paid..."  28 U.S.C. § 1915(e)(2).

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an

arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827,

1831-32, 104 L. Ed. 2d 338 (1989).  A claim is frivolous as a matter of law where, inter

alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, the claim seeks to

enforce a right which clearly does not exist, id., or there is an affirmative defense that

would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons &

Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the

---

L. Ed. 2d 338 (1989), was unaltered.  See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert.
denied, 534 U.S. 1044, 122 S. Ct. 624, 151 L. Ed. 2d 545 (2001); Brown v. Bargery, 207 F.3d 863,
866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251
F.3d at 1348-49.

authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833; see also Williams v. Sec'y for the Dep't of Corr., No. 04-14328, 2005 WL 1130351, * 4 (11th Cir. May 13, 2005) ("...[T]he plain language of § 1915(e)(2)(B)(i) explicitly provides that the district court is required to 'dismiss the case at any time if the court determines ... the action ... is frivolous.'") (citations omitted).  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Additionally, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) if it "seeks monetary relief against a defendant who is immune from such relief."

II.     Complaint.

        Plaintiff has filed a handwritten complaint which does not convey a clear picture of his claims.  (Doc. 1, Complaint).  Thus, the Court is placed in the position of attempting to discern the nature of Plaintiff's action.  Plaintiff does not state the name of the entity or individual against whom he is asserting his claim, however, the Court has determined, based

3

upon the complaint and the motion to proceed without prepayment of fees, that Plaintiff

intends for this action to be against the Alabama Department of Human Resources

("DHR").  Further, Plaintiff has failed to identify the basis on which he is invoking the

Court's subject matter jurisdiction.

 In his complaint, Plaintiff alleges that he has paid child support for an individual

named Angela Pugh[2] since before 1977, and that in addition, during this time, DHR would

also take his income tax each year.  (Doc. 1).  This, according to Plaintiff, has caused him

to suffer financially for over 30 years.  (Id.).  Plaintiff goes on to state that "[t]hey order me

in for 3,753.41 this year."  (Id. at 1).  Subsequently, Plaintiff apparently paid $525.00 for a

DNA test which excluded him as the father of Angela Pugh.  (Id.).  On July 15, 2004,

Plaintiff went to "court" but was unable to see "the judge."  (Id. at 2).  He claims that he was

ordered to take (and pay for) another DNA test, which also indicated that Plaintiff was not

the father of Angela Pugh.  (Id.).  According to Plaintiff, the action against him was

dismissed on October 19, 2004, based upon the results of the DNA tests.  As for requested

relief, Plaintiff states only that he believes that he is entitled to a "refund."  (Id. at 3).

III. Discussion.

 A. Eleventh Amendment Immunity

 The Eleventh Amendment's immunity "prohibits federal courts from entertaining

suits by private parties against States and their agencies."  Alabama v. Pugh, 438 U.S. 781,

---

[2]According to Plaintiff, Ms. Pugh is now 31 years of age.  (Doc. 1 at 1).

781, 98 S. Ct. 3057, 3057, 57 L. Ed. 2d 1114 (1978); see also Association for Disabled

Americans v. Florida International University, No. 02-10360,  2005 WL 768129, *1 (11th

Cir. April 6, 2005) ("The Eleventh Amendment grants States immunity to suits brought by

private citizens in federal court."); Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003)

("It is also well-settled that Eleventh Amendment immunity bars suits brought in federal

court when the State itself is sued and when an 'arm of the State' is sued.") (quoting Mt.

Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed.

2d 471 (1977)); and McClendon v. Georgia Dep't of Cmty. Health, 261 F.3d 1252, 1256

(11th Cir. 2001) (noting that the Eleventh Amendment is "a recognition that states, though

part of a union, retain attributes of sovereignty, including immunity from being compelled

to appear in the courts of another sovereign against their will.").  DHR is an agency of the

State of Alabama.  Ala. Code § § 38-2-1 through 38-2-13 (1975).  As an agency of the

state, DHR is entitled to the Eleventh Amendment's immunity unless the state has waived

its immunity or Congress has abrogated the state's immunity.  Carr v. City of Florence,

Ala., 916 F.2d 1521, 1524 (11th Cir. 1990).  There is no indication that Congress has

abrogated the State of Alabama's immunity in this case.[3]  Furthermore, Alabama has not

waived its Eleventh Amendment immunity.  Pugh, 438 U.S. at 782, 98 S. Ct. at 3057-58

---

[3]Congress can abrogate Eleventh Amendment immunity where (1) "Congress 'unequivocally
expressed its intent to abrogate' the States' sovereign immunity in the statute at issue and (2) 'Congress
acted pursuant to a valid grant of constitutional authority.'"   Association for Disabled Americans,
2005 WL 768129 at 1 (quoting Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73, 120 S. Ct. 631,
640, 145 L. Ed. 2d 522 (2000)).

(finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its

consent and therefore the State of Alabama and the ADOC's predecessor, the Board of

Corrections, were entitled to Eleventh Amendment immunity); Lancaster v. Monroe

County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its

Eleventh Amendment immunity); see also Liedel v. Juvenile Court of Madison County,

Ala., 707 F. Supp. 486 (N.D. Ala. 1989) (holding that the Alabama Department of Human

Resources was a state agency with Eleventh Amendment immunity).

B.      Subject Matter Jurisdiction

        Even if DHR were not entitled to Eleventh Amendment immunity, this Court lacks

subject matter jurisdiction over this matter.  A federal district court is a court of limited

jurisdiction.  Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673,

1675, 128 L. Ed. 2d 391 (1994).  That is, a federal district court is authorized to hear only

certain actions that the Constitution or Congress has authorized it to hear.  Id.  "It is to be

presumed that a cause lies outside this limited jurisdiction, . . . , and the burden of

establishing the contrary rests upon the party asserting jurisdiction, . . . ." Id. (citations

omitted).  A plaintiff invoking a federal court's jurisdiction must establish this jurisdiction

in the complaint.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Not only must

the jurisdictional provision be stated in the complaint, but facts "demonstrating the

existence of jurisdiction" must be stated.  Id.; see Kirkland Masonry, Inc. v. Comm'r, 614

6

F.2d 532, 533 (5th Cir. 1980).[4]

Because a court is powerless to act beyond its grant of subject matter jurisdiction, a court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation.  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  When a court discovers that it lacks jurisdiction over a case, "the court's sole remaining act is to dismiss the case for lack of jurisdiction."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citing University of South Alabama v. American Tobacco Co., 168 F.3d 405, 409-10 (11th Cir. 1999)); Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992).

As noted above, Plaintiff has failed to identify the basis on which he is invoking the Court's subject matter jurisdiction.  This failure to identify the basis on which he is invoking the Court's subject matter jurisdiction is sufficient reason for the Court to dismiss his action for lack of subject matter jurisdiction.  Kirkland Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir. 1980) ("If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law."); see Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (same).  That is "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

---

[4]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987); Fed. R. Civ. P. 8(a).[5]

Even though the Court is required to liberally construe a pro se litigant's pleadings, the Court does not have "license to serve as de facto counsel for a party . . ., or to re-write an otherwise deficient pleading in order to sustain an action. . . ." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Notwithstanding, after examining the Plaintiff's allegations in the amended complaint, the Court finds Plaintiff's allegations do not satisfy two of the most commonly invoked bases for jurisdiction, federal question jurisdiction and diversity of citizenship jurisdiction.

Furthermore, a federal district court lacks subject matter jurisdiction to review a final judgment of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-87, 103 S. Ct. 1303, 1315-17, 75 L. Ed. 2d 206 (1983); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 2d 362 (1923). This rule of law is known as the Rooker-Feldman doctrine. Jones v. Crosby, 137 F.3d 1279, 1279 (11th Cir.), cert. denied, 523 U.S.1041, 118 S. Ct. 1351, 140 L. Ed. 2d 499 (1998). The Rooker-Feldman doctrine precludes a federal district court from reviewing federal issues that were raised in state court proceedings, federal issues that should have been raised in state court proceedings, and federal issues that are "inextricably intertwined"

---

[5]Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the ground upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that [plaintiff] is entitled to relief [from the defendant], and (3) a demand for judgment for the relief [plaintiff] seeks."

with a state court's judgment.  Feldman, 460 U.S. at 487 n.16, 103 S. Ct. 1317 n.16.

> According to the Rooker-Feldman doctrine, "a United States
> District Court has no authority to review final judgments of a
> state court in judicial proceedings.  Review of such judgments
> may be had only in [the United States Supreme Court]."
> District of Columbia Court of Appeals v. Feldman, 460 U.S.
> 462, 482, 103 S. Ct. 1303, 1315, 75 L. Ed. 2d 206 (1983).
> The doctrine has two statutory bases: (1) 28 U.S.C. § 1257,
> which limits federal review of state court proceedings to the
> United States Supreme Court, and (2) 28 U.S.C. § 1331, which
> provides that federal district courts are courts of original
> jurisdiction.  See Rooker v. Fidelity Trust Co., 263 U.S. 413,
> 415-16, 44 S. Ct 149, 150, 68 L. Ed. 362 (1923).  The
> doctrine applies not only to claims actually raised in the state
> court, but also to claims that were not raised in the state court
> but are "inextricably intertwined" with the state court's
> judgment.  Feldman, 460 at 482 n.16, 103 S. Ct. at 1315 n.16.
> This Court has recognized an "important limitation" on the
> Rooker-Feldman doctrine when the plaintiff had no "reasonable
> opportunity to raise his federal claim in state proceedings."
> Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir.
> 1983), cert. denied, 467 U.S. 1210, 104 S. Ct. 2398, 81 L. Ed.
> 2d 355 (1984).  In that situation, we consider that the federal
> claim was not "inextricably intertwined" with the state court's
> judgment.  Id.
>
>                         . . . .
>
> Even if the federal court collateral attack on the state court
> judgment is premised on the unconstitutionality of a federal
> statute, the Rooker-Feldman doctrine still applies.  It still
> applies for reasons that go to the heart of our system of
> federalism—the dual dignity of state and federal court
> decisions interpreting federal law.  "In our federal system, a
> state trial court's interpretation of federal law is no less
> authoritative than that of the federal court of appeals in whose
> circuit the trial court is located."  Lockhart v. Fretwell, 506
> U.S. 364, 376, 113 S. Ct. 838, 846, 122 L. Ed. 2d 180 (1993)
> (Thomas, J. concurring).  Moreover, the doctrine is not limited
> to states appellate court judgments.  A litigant may not escape

>    application of the doctrine by merely electing not to appeal an
>    adverse state trial court judgment.

Powell v. Powell, 80 F.3d 464, 466-67 (11th Cir. 1996).

Plaintiff complains that he is entitled to a refund of funds which he has expended as a result of the entry of state court decrees regarding child support payments which Plaintiff should not have made, as the child was not his biological child. The Court finds that in this action, Plaintiff, in his quest for a refund of past child support payments and other related expenses, is challenging at least one state court final judgment, and, as noted previously, this Court lacks subject matter jurisdiction to review a final judgment of a state court. Feldman, 460 U.S. at 482-87, 103 S. Ct. at 1315-17; Rooker v. Fidelity Trust Co., 263 U.S. at 415-16, 44 S. Ct. at 150.

Moreover, Plaintiff cannot avail himself of the exception to the Rooker-Feldman doctrine found in Wood, supra, 715 F.2d at 1547, which allows a person to proceed in federal district court if he was not given a reasonable opportunity in a state court proceeding to raise his federal claim. Plaintiff appears to have been involved in at least one state court proceeding at the time the results of the paternity tests indicated that he was not the father of the child for whom he had paid child support for a number of years pursuant to a state court order. Plaintiff had the opportunity at that time to raise this claim, or could have filed a new action in state court regarding his claim. Because Plaintiff either raised or had the opportunity to raise this issue in state court, Plaintiff's action does not come within the Wood exception to the Rooker-Feldman doctrine. Therefore, the Court finds that

10

Plaintiff's action is a collateral attack on the final judgment entered in the state court action regarding the child support payments of Angela Pugh.   See Sherman v. Marion County Child Support Division, 224 F. Supp. 2d 1220 (S.D. Ind. 2002) (holding that plaintiff's claim challenging paternity and child support decision of state court was barred by Rooker-Feldman doctrine).

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) because Plaintiff's claims are frivolous, fail to state a claim upon which relief can be granted, and are asserted against an immune defendant.

The attached sheet contains important information regarding objections to the

Report and Recommendation.

**DONE** this 19th day of May, 2005.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

11

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.